United States Courts
Southern District of Texas
**FILED**

MAY 30 2017

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § § § | **COMPLAINT** |
| v. | § § | |
| LOCAL 100, UNITED LABOR UNIONS | § § | **JURY DEMAND** |
| Defendant. | § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, ("Title VII") as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Maurice Roberts and Rosalind Holt who were adversely affected by such practices.

The U.S. Equal Employment Opportunity Commission alleges that Local 100 United Labor Unions violated Title VII by discharging Maurice Roberts and Rosalind Holt from their union organizer positions due to their race, Black. These allegations are discussed in greater particularity in paragraph 13 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Local 100 United Labor Unions ("Local 100", or "Defendant Union" or Defendant), a union formed in the State of Louisiana which has continuously been an association of participating employees engaged in organizing workers in various services industries throughout Louisiana, Arkansas and Texas including service workers for both public and private school employees, which deals with school employers concerning terms and conditions of employment, and has continuously had at least 15 members. At all relevant times the Defendant Union has been the recognized collective bargaining representative for service workers in public and private school employees within the State of Texas.

5. At all relevant times, Defendant Union has continuously been a labor organization engaged in an industry affecting commerce within the meaning of Section 701(d) and (e) of Title VII, 42 U.S.C. Sections 2000e-(d) and (e).

6. Defendant's registered agent for service of process is Rosa Hines, located at 2221 St. Claude Avenue, New Orleans, La 70117.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Maurice Roberts ("Roberts") and Rosalind Holt ("Holt") filed charges with the Commission alleging violations of Title VII by Defendant Union.

8. On June 6, 2016, the Commission issued to Defendant Union a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Discrimination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 30, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least May 2014, Defendant Union has engaged in unlawful employment practices in violation of Section 703(a) (1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-2(a)(1). Defendant terminated Roberts and Holt due to their race, Black. Specifically,

   a. Defendant Union has represented service employees of public schools in Houston, Texas and other cities for twenty-five (25) years.

b. Between May 9, 2014 and May 20, 2014, Defendant Union hired seven persons to fill the position of Union organizer to increase the membership in the Union's public school employee division.

c. Maurice Roberts and Rosalind Holt, were hired for the Union organizer position with Defendant Union on or about May 9, 2014;

d. Roberts and Holt were assigned to work with other previously hired Union organizers in an effort to recruit new Union members in the Houston area public schools division;

e. Holt recruited two (2) new public school employee union members within her first two weeks of employment;

f. Roberts recruited three (3) new public school employee union members within his first two weeks of employment;

g. On or about May 27, 2014, Defendant Union Field Director Orell Fitzsimmons ("Fitzsimmons") terminated both Roberts and Holt allegedly because they "failed to meet the minimum performance of recruiting five (5) new Union members within the first two weeks of their employment."

h. Defendant Union asserted that Fitzsimmons informed all seven new hires in May 2014, they were required to recruit a minimum of five (5) new members within their first two weeks of employment or face termination.

i. Holt and Roberts deny they were told they would be terminated if they failed to meet the minimum "quota" requirement of recruiting five (5) new employees within the first two weeks of employment.

j. Holt and Roberts were able to recruit new members even though they were not aware of the alleged minimum recruitment "quota."

4

k. Michael Eakins ("Eakins"), who is White, was hired with the Charging Parties in May 2014, to be a Union organizer and recruit new Union Members.

l. Eakins failed to recruit any new members for the Union within his first two weeks of employment and was not terminated.

m. Eakins admitted he was not informed that he would be terminated if he failed to meet the alleged minimum quota of recruiting five (5) new members within his first two weeks.

n. Eakins resigned after working several days after his two weeks ended because Fitzsimmons failed and/or refused to reimburse Eakins for gas and mileage used within those first two weeks of employment.

o. Defendant Union and Fitzsimmons admitted the alleged minimum quota of recruiting five (5) new members within the first two weeks of employment or face termination is not in writing.

p. Fitzsimmons admitted during the Commission's investigation that he did not tell Eakins (or other non-Black recruiters) they would be terminated if they failed to meet the alleged minimum quota.

q. Additionally, Fitzsimmons, who is White, admitted he treated Eakins more favorably stating Eakins was a "guy [like him] trying to make it in life and in need of an opportunity."

r. Defendant's reasons for terminating Maurice Roberts and Rosalind Holt are a pretext for discrimination.

s. Roberts and Holt were terminated and subjected to disparate treatment due to their race, Black.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Maurice Roberts and Rosalind Holt of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or reckless indifference to the federally protected rights of Maurice Roberts and Rosalind Holt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Union, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and retaliation.

B. Order Defendant Union, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Union, its officers, successors, assigns, to make whole Maurice Roberts and Rosalind Holt by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Union, its officers, successors, assigns, to make whole Maurice Roberts and Rosalind Holt by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described in paragraph 13, including but not limited to job search expenses in amounts to be determined at trial.

E. Order Defendant Union, its officers, successors, assigns, to make whole Maurice Roberts and Rosalind Holt, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self-esteem and humiliation, in amounts to be determined at trial.

F. Order Defendant Union, to pay Maurice Roberts and Rosalind Holt punitive damages for its malicious and reckless conduct, as described in paragraph 13 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel EEOC

**GWENDOLYN YOUNG REAMS**
Associate General Counsel EEOC

*/s/ Michelle J. Butler/*

**MICHELLE T. BUTLER** (*Pro hoc vice*)
Senior Trial Attorney
Attorney-in-Charge
LA. Bar Roll Number 1286
Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Avenue, Suite 809

New Orleans, LA 70130  
Tel: (504) 595-2872  
Fax: (504) 595-2886  
michelle.butler@eeoc.gov

OF COUNSEL:

**RUDY L. SUSTAITA**
Regional Attorney
State of Texas Bar No. 19523560
S.D. Tex. Federal ID 11850

**ROSE ADEWALE MENDES**
Supervisory Trial Attorney
Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002