Case 4:17-cv-01628 Document 11 Filed in TXSD on 10/17/17 Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § CIVIL ACTION NO. §<br>§ 4:17-CV-01628<br>§ |
| Plaintiff, | § § |
| v. | § § |
| LOCAL 100, UNITED LABOR UNIONS | § § |
| Defendant. | § § |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("the Commission" or EEOC") alleged Defendant Local 100, United Labor Unions ("Local 100 ULU" or "Defendant") discharged Charging Parties Maurice Roberts and Rosalind Holt from their union organizer positions due to their race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. Sections 2000e-*et seq* ("Title VII"), and Title I of the Civil Rights Act of 1991. Defendant denies all allegations.

The Commission, and the Defendant now wish to resolve all claims and controversies encompassed by this lawsuit to avoid the burden, expense or delay of further litigation, subject, however, to the approval of this Court.

**THEREFORE, IT IS HEREBY AGREED BETWEEN THE COMMISSION AND THE DEFENDANT, AND ORDERED, ADJUDGED, AND DECREED THAT:**

## JURISDICTION AND PROCEDURAL MATTERS

1. The parties agree this Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. The parties agree the terms of this Consent Decree were reached by a process of negotiation and compromise and the purposes of Title VII will be furthered by the entry of this Decree, the terms of which constitute a fair and equitable resolution.

3. The parties agree the negotiation, execution and entry of this Decree will resolve any and all claims of the Title VII violations alleged by the Commission on behalf of Charging Parties Maurice Roberts and Rosalind Holt against the Defendant arising out of Commission Charge Numbers 460-2014-02806 and 460-2014-02807 and this lawsuit, Civil Action Number 04:17cv1628.

4. Neither the negotiation, the execution, nor the entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Local 100 ULU that its administrator, officers, agents, or employees have violated or have not been in compliance with Title VII.

## GENERAL PROVISIONS

5. Defendant shall be enjoined from discriminating against its employees with respect to hiring, compensation, discharge, or other terms and conditions or privileges of employment on the basis of race.

6. Defendant shall be enjoined from discriminating or retaliating against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

## **INDIVIDUAL RELIEF**

7 (a).   Defendant agrees to pay the aggregate sum of **THIRTY THOUSAND DOLLARS** ($30,000) to resolve the claims raised by Commission Charge Numbers 460-2014-02806 and 460-2014-02807 and this lawsuit. Each Charging Party will receive **FIFTEEN THOUSAND DOLLARS** and each Charging Party will sign a release approved by the EEOC. See Attached Exhibit A. The back pay loss for each Charging Party in the foregoing settlement is SIX THOUSAND DOLLARS ($6,000). Appropriate taxes shall be withheld by Local 100 ULU. The remaining NINE THOUSAND DOLLARS ($9,000) shall constitute damages for emotional distress and inconvenience. Defendant will issue a U.S. Internal Revenue Service ("IRS") Form 1099 to each Charging Party for the damages amount. The settlement amount will be paid as follows:

(b) Within twenty (20) days after the entry of this Decree the Defendant shall pay the first payment sum of FIVE THOUSAND DOLLARS ($5000.00) to Maurice Roberts and FIVE THOUSAND DOLLARS ($5000.00) to Rosalind Holt for claims that were raised in Commission Charge Number 460-2014-02806 and 460-2014-02807 respectively and this lawsuit. The Defendant shall provide contemporaneously to the EEOC's Senior Trial Attorney Michelle T. Butler (hereafter "the EEOC's Designated Attorney") a copy of the payment to Maurice Roberts and Rosalind Holt.

(c) Within thirty (30) days after making the first payment, Defendant will pay the sum of ONE THOUSAND DOLLARS ($1000.00) to Maurice Roberts and ONE THOUSAND DOLLARS ($1000) to Rosalind Holt for claims that were raised in Commission Charge Number 460-2014-02806 and 460-2014-02807 respectively and this lawsuit. The Defendant shall provide contemporaneously to the EEOC's Senior Trial Attorney Michelle T. Butler (hereafter "the

EEOC's Designated Attorney") a copy of the payment to Maurice Roberts and Rosalind Holt.

(d) For the next fifteen months following the second payment, the Defendant shall pay the sum of SIX HUNDRED DOLLARS ($600) as damages to each Charging Party (Maurice Roberts and Rosalind Holt) for claims that were raised in Commission Charge Number 460-2014-02806 and 460-2014-02807 respectively and this lawsuit. Each of these subsequent monthly payments will be made no later than the same corresponding date the second payment was made. Thus, if the second payment was made on the 25th of the month the payment for the next fifteen (15) months will be due no later than the 25th of each month. The payment for the month of February shall be due on the same corresponding date or no later than the 28th of February if there is no corresponding date. The Defendant shall provide contemporaneously to the EEOC's Senior Trial Attorney Michelle T. Butler (hereafter "the EEOC's Designated Attorney") a copy of each monthly payment to Maurice Roberts and Rosalind Holt at the following address: 500 Poydras Street, Suite 809, New Orleans, La. 70130.

(e) The settlement amount shall be paid according to the terms of this Decree. Defendant shall send its payment checks directly to Maurice Roberts and Rosalind Holt at the addresses which will be provided by the Commission. The checks will be mailed by certified mail, return receipt requested or overnight mail.

(f) If the Defendant fails to make any scheduled payment in a timely manner as set forth in the decree, the Commission may, within 10 business days of said nonpayment, send written notice to Defendant regarding the breach. If the Defendant does not fully and timely compensate the Charging Parties by delivering the missed payments to a place chosen by the Charging Parties within three calendar days of receiving notification of non-payment, the Commission shall be authorized to seek Court-ordered enforcement of this Judgment and to accelerate all

remaining payments in full. However, in the event of default in the payment of any of the said installments, when due as herein provided, the Commission may also, without notice or demand, declare the entire sum then unpaid immediately due and payable by seeking Court-ordered enforcement.

8(a) Defendant shall provide positive references to future potential employers for Maurice Roberts and Rosalind Holt and will not notify any prospective employers of the EEOC charges filed by either Roberts or Holt, the investigation, or this lawsuit.

(b) Defendant will put in a separate and confidential folder any and all documents and entries in any file maintained on Maurice Roberts and/or Rosalind Holt relating to the facts and circumstances which concern or may have led to the filing of Robert's Charge (460-2014-02806) and Holt's Charge (460-2014-02807) alleging race discrimination and the related events that occurred thereafter, including the charge investigation and the filing of this lawsuit.

## **INJUNCTIVE RELIEF**

### A.   TITLE VII COMPLIANCE

9.   The Defendant's employment practices shall comply with all requirements of Title VII. Additionally, in furtherance of its Title VII compliance obligations, the Defendant acknowledges it will train its employees in accordance with paragraph 11 of this Decree.

### B.   REPORTING

10.   Defendant shall report to the EEOC within twenty (20) days of the signing of this decree that it has paid Maurice Roberts and Rosalind Holt, the initial amount agreed to in Paragraph 7(a) above. In addition, Defendant shall report to the Commission its compliance in meeting the payment schedule for follow-up payments as noted in Paragraph 7(b) above. Further, Defendant shall report to the EEOC the completion of the annual training discussed in Paragraph

11 below for each year the training is conducted and the dissemination of its anti-discrimination policy as discussed in Paragraph 14 below.

During the term of this agreement, the Defendant shall submit two annual reports notifying the Commission if any internal complaints or EEOC charges were received during each interim period alleging an applicant or employee was subjected to race discrimination, if there were none, Defendant shall report such. The second report should be submitted within ninety (90) days before the expiration of the Consent Decree. In the event the Defendant reports any racial complaints, the EEOC shall have access, upon advance notice of at least ten (10) days to the Defendant, to any written reports or complaints regarding this complaint and to any investigative documents that are in control or possession of Defendant.

Defendant shall send all reports, certificates, or other materials required under this Decree to the EEOC to Michelle Butler, Senior Trial Attorney, or her designee, at the following address: U.S. EEOC, New Orleans Field Office, Hale Boggs Federal Building, 500 Poydras Street, Suite 809, New Orleans, Louisiana 70130 and to her email address: michelle.butler@eeoc.gov.

C. **TITLE VII TRAINING**

11. The Defendant agrees to conduct, for the duration of this decree, an annual two hour training program about Title VII and the Defendant's anti-discrimination and complaint-reporting policy (ies) for its administrator and all its supervisors, managers and employees. The initial training program shall be conducted within four (4) months after the entry of this Decree. Each training program and trainer shall be reported to the Commission's Designated Attorney in accordance with the reporting requirements of this Decree. Local 100 ULU will notify its personnel of the program no later than two weeks prior to its date. The training shall be attended by all Local ULU personnel. Defendant will send to the EEOC the names of the trainer and the

material for approval within forty-five (45) days before each scheduled training. EEOC will notify the Defendant within (30) days of the receipt of this material if there is any concerns with the trainer or the materials and expect a revision if not approved by the EEOC.

12. The training program shall include the topics of unlawful race discrimination, which addresses unequal terms and conditions of employment due to race, wage disparities due to race, racial harassment, race-based hostile work environment and retaliation against employees in violation of Title VII, and an explanation of the Defendant's anti-harassment and complaint-reporting policies. Anyone who does not attend the Title VII and policy training program, as mandated by this Decree, shall be required to attend a make-up training program or view a videotape of the entire original training program within one month of the missed program. The Defendant's initial and subsequent reports to the EEOC's Designated Attorney shall provide the identity(ties) of the Title VII and company policy trainer(s); all date(s) such training occurred; the names and positions of everyone who attended the training and make-up training or videotape programs; the signatures of all these same individuals acknowledging their presence at such training programs; and a list of the topics covered during all such programs, or in lieu of a topics list, a copy of the program outlines, materials or videotapes that were utilized during the training. At its option, the EEOC may send one or two representatives to attend the training. To facilitate the foregoing, defendant will notify the Commission no later than a month prior to the scheduled training as to its date, time and place.

### D. POSTING

13. The Defendant agrees to continue to post conspicuously the Commission's poster entitled: "Equal Employment Opportunity Is The Law" in prominent and accessible places in all of its facilities or buildings where its employees work and where said poster can be readily

observed by the Defendant's employees and applicants for employment.

### E. TITLE VII POLICY DISSEMINATION AND POSTING

14. The Defendant agrees to create or revise its Anti-Discrimination policy and post it in a conspicuous place as well as provide a copy to each current employee. Further, it shall provide a copy of this policy to each new employee at the time of hire. Defendant also agrees that it shall send to the Commission a copy of its posted policy(ies) prohibiting race discrimination, disparate treatment in terms and conditions of employment based on race, wage disparity based on race, and racial harassment in violation of Title VII, which policy(ies) shall provide:

> (i) contact names, addresses and telephone numbers for complaining and reporting suspected work-place discrimination and/or harassment to one designated official or employee of Defendant who shall be the ultimate point of contact for receiving and handling alleged discrimination and/or harassment complaints beyond the employee's direct supervisor or other individual who may be the employee's first point of contact;

> (ii) a statement notifying employees that they are not obligated to report suspected discrimination and/or harassment to any supervisor in their chain-of-command who is an alleged discriminating official and/or harasser or related by blood or marriage to an alleged discriminating official and/or harasser;

> (iii) a requirement that discrimination and/or harassment complaints will be investigated promptly and confidentially and that responsive action and disciplinary measures will be taken to prevent and correct discrimination and/or harassment; and

> (iv) a requirement that all of the Defendant's managers and supervisors shall promptly forward all complaints or reports about suspected work-place discrimination and/or harassment to the designated company official or employee who will serve as the primary point of contact for handling such complaints or reports and who will ensure that Defendant promptly responds to such complaints by investigation and disciplinary or other corrective action. Such posted policy(ies) shall also clearly indicate to all employees that they should contact the designated company official or employee who is identified above for confidentially reporting suspected work-place discrimination and/or harassment to someone other than their supervisor or a relative to their supervisor in the event their supervisor or his/her relative is the suspected discrimination official and/or harasser.

The Defendant further agrees to provide all its employees with convenient access to its anti-harassment and complaint-reporting policy(ies) that comply with this Decree, including the contact names, addresses and telephone numbers for confidentially complaining and reporting suspected work-place discrimination and/or harassment, by posting same in conspicuous work-place locations in all its facilities or buildings where its employees work. Additionally, the Defendant shall disseminate all its anti-discrimination/harassment and complaint-reporting policy(ies) to all of its employees (including managers, supervisors, trainees, probationary and temporary employees, and all salaried and hourly-paid employees), obtain their written, dated acknowledgments of their receipt and understanding of such policy(ies), and maintain all written, dated acknowledgments of such policies in its employees' personnel files. For the duration of this Decree, the Defendant shall certify in its report to the EEOC's Designated Attorney that it has posted and disseminated such policy (ies) in accordance with this paragraph.

## **DISPUTE RESOLUTION**

15. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant twenty (20) business days to remedy the alleged non-compliance or to satisfy the EEOC that the Defendant has complied. If the Defendant has not remedied the alleged non-compliance or otherwise satisfied the EEOC that it has complied within twenty (20) business days, the EEOC may apply to this Court for appropriate relief.

## **DURATION**

16 This Consent Decree shall remain in force for three years after the date of entry of this Decree.

## VALIDITY, ENFORCEMENT AND MISCELLANEOUS PROVISIONS

17. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

18. This Court shall retain jurisdiction over this action for the purpose of enforcing this Decree, if necessary; and any party is empowered to enforce this Decree through the applicable judicial enforcement procedures.

19. This Decree sets forth the entire agreement between the Commission and the Defendant, which resolves Commission Charge Numbers 460-2014-02806 and 460-2014-02807 and this lawsuit. This Decree fully supersedes any and all prior agreements or understandings between the parties pertaining to Commission Charge Numbers 460-2016-02806 and 460-2014-02807 and this lawsuit. This Decree cannot be altered by oral agreement between the parties, but only by written Court-ordered modification.

20. Each party will bear their own attorney's fees and costs incurred in connection with this litigation.

**IT IS SO ORDERED.**

Houston, Texas, this 17th day of October, 2017

_____
**UNITED STATES DISTRICT JUDGE**

SUBMITTED AND APPROVED BY:

| FOR THE PLAINTIFF | FOR THE DEFENDANT |
|---|---|
| JAMES L. LEE<br>DEPUTY GENERAL COUNSEL | |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | /s/Doug Young<br>DOUG YOUNG<br>SCANLAN, BUCKLE & YOUNG, /P.C. |
| RUDY SUSTAITA<br>Regional Attorney<br>Texas Bar No. 19523560<br>So. District of Texas Bar No. 11850 | Texas Bar No. 22180650<br>So. District of Texas Bar No. 2365715<br>602 West 11th Street<br>Austin, TX 78701<br>Email: dyoung@sbylaw.com |
| ROSE ADEWALE-MENDES<br>Acting Supervisory Trial Attorney | Tel: (512) 478-4651<br>Fax: (512) 478-7750<br>LOCAL 100 UNITED<br>LABOR UNIONS |
| /s/Michelle T. Butler<br>MICHELLE T. BUTLER<br>Senior Trial Attorney<br>Attorney in Charge<br>La. Bar Roll No. 01286<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>New Orleans Field Office<br>500 Poydras Avenue, Suite 809<br>New Orleans, Louisiana 70130<br>Telephone: (504) 595-2872<br>Facsimile: (504) 595-2886<br>Email: michelle.butler@eeoc.gov | |